# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48209-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| FRANK A. WALLMULLER, | |
| Appellant. | |

J. SUTTON — Frank Wallmuller appeals the trial court's order denying Wallmuller's motion to terminate legal financial obligations (LFOs) as untimely.[1] The State concedes the trial court erred by denying Wallmuller's motion as untimely. We accept the State's concession, reverse the trial court's order denying Wallmuller's motion to terminate LFOs, and remand to the trial court to consider Wallmuller's motion to terminate LFOs.

## FACTS

On December 29, 2009, Wallmuller was convicted of five counts of rape of a child in the first degree and four counts of sexual exploitation of a minor. The trial court imposed a total of $10,061.68 of LFOs. On June 1, 2015, Wallmuller filed a motion to terminate LFOs under RCW

---

[1] Wallmuller has also filed a statement of additional grounds (SAG). RAP 10.10. However, Wallmuller's SAG relates to community custody provisions imposed by the trial court at sentencing. Because Wallmuller's appeal is from the trial court's order on his motion to terminate LFOs, Wallmuller's SAG addresses issues outside the scope of his current appeal. Moreover, any challenge to the community custody provisions in his judgment and sentence would be time barred under CrR 7.8 and RCW 10.73.090. Accordingly, we decline to address it further.

10.01.160(4).[2] The trial court denied the motion as untimely. Wallmuller appeals the trial court's

order denying his motion to terminate LFOs.[3]

## ANALYSIS

Wallmuller argues that RCW 10.01.160(4) allows a defendant to move to terminate LFOs

at any time and, therefore, the trial court erred by denying his motion as untimely. The State

concedes that the trial court erred under RCW 10.01.160(4) and *State v. Shirts*, 195 Wn. App. 849,

381 P.3d 1223 (2016). We accept the State's concession and remand to the trial court.

Our recent opinion in *Shirts* clearly establishes that, when a defendant owes LFOs and is

not in default, the trial court errs by denying a motion to terminate LFOs under RCW 10.01.160(4).

195 Wn. App. at 859-60. If the defendant meets the two prerequisites for filing a motion to

terminate, the trial court either makes a "manifest hardship" determination on the pleadings or

---

[2] RCW 10.01.160(4) states:

> A defendant who has been ordered to pay costs and who is not in contumacious default in the payment thereof may at any time petition the sentencing court for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may remit all or part of the amount due in costs, or modify the method of payment under RCW 10.01.170.

[3] Appeals of motions to terminate LFOs are post-judgment motions that should be treated as motions for discretionary review. *State v. Shirts*, 195 Wn. App. 849, 853, 381 P.3d 1223 (2016). Under RAP 2.3(b)(1), we grant discretionary review if the superior court has committed an obvious error that renders further proceedings useless, and under RAP 2.3(b)(2), we grant discretionary review if the superior court has committed probable error that substantially alters the status quo or substantially limits the freedom of a party to act. Under RAP 5.1(c), "[a] notice of appeal of a decision which is not appealable will be given the same effect as a notice for discretionary review." In light of the State's proper concession, we grant discretionary review of Wallmuller's motion to terminate LFOs.

holds an evidentiary hearing to determine whether "manifest hardship" exists. *Shirts*, 195 Wn. App. at 859-60.

The State concedes that the trial court erred by denying Wallmuller's motion to terminate LFOs as untimely. Based on *Shirts*, the State's concession is proper and we accept it. We accept the State's concession, reverse the trial court's order denying Wallmuller's motion to terminate LFOs, and remand to the trial court to consider Wallmuller's motion to terminate LFOs.[4]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
WORSWICK, P.J.

_____
JOHANSON, J.

---

[4] Wallmuller also asks that any request for appellate costs be denied. Because Wallmuller is the prevailing party on appeal, his request to deny appellate costs is moot. RAP 14.2.